UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-53700-WLH |
| | : | |
| BRENDA KAY ROBERTSON, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |

**FIRST APPLICATION OF TRUSTEE FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

COMES NOW S. Gregory Hays, Chapter 7 Trustee for Brenda Kay Robertson
("**Applicant**" or "**Trustee**"), and respectfully represents:

1.

Applicant is the duly authorized and acting Chapter 7 Trustee for the bankruptcy estate
(collectively, the "**Bankruptcy Estate**") of Debtors.

2.

In the administration of said Bankruptcy Estate, Applicant has rendered those services
required as Trustee since February 27, 2015, and makes this First Application of Trustee for
Interim Compensation and Reimbursement of Expenses ("**Application**") for the period of
February 27, 2015 through and including May 31, 2020 ("**Application Period**") seeking
compensation in the amount of $33,822.78 and reimbursement of expenses in the amount of
$172.78.

3.

Applicant has not in any form or guise agreed to share the compensation for such services
with any person not contributing thereto, or to share in the compensation of any person rendering
services in this proceeding to which services Applicant has not contributed. Applicant has not
entered into any agreement, written or oral, express or implied, with any other party in interest or

any attorney of any other party in interest in this proceeding for the purpose of fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney or any party in interest herein for services rendered in connection therewith.

4.

The Trustee is currently holding $375,952.64 in the Bankruptcy Estate's bank accounts. The Trustee recovered a total of $689,510.00 from the Bankruptcy Estate's assets and has paid property lien claims and administrative expenses totaling $313,557.36. The estate funds resulted from the (a) settlement of adversary #17-5046-WLH (*Hays v. Lowrey et al*), (b) liquidation of the real properties of three limited liabilities companies (the "LLCs") in which the Debtor has an interest and (c) the sale of a 1989 Mercedes Benz.

**The Adversary Proceeding**

5.

On February 27, 2017, Trustee initiated an adversary proceeding (Adv. Pro. No. 17-5046-WLH) (the "**Adversary Proceeding**") seeking to avoid and recover one or more of the following prepetition transfers ( the "**Transfers**") made by or at the direction of Debtor to the defendants (the "**Defendants**"): (i) on or about November 14, 2008, Debtor made a $600,000.00 cash transfer to ASG by delivering two cashier's checks in the amounts of $200,000.00 and $400,000.00; (ii) on or about June 1, 2009, Debtor transferred her interest in real property with a common address of 3448 South Bay Drive, Jonesboro, Henry County, Georgia to ASG; (iii) on or about July 14, 2010, Debtor transferred an undeveloped parcel of real property to non-party JAMMIC, Inc.; and (iv) in July of 2010, Branch received a series of transfers totaling approximately $537,000.00, which Trustee contends were made at Debtor's direction and to which Debtor was entitled.

6.

In the Adversary Proceeding, Trustee alleged that the Transfers, which were made more than four years prior to the Petition Date, could be avoided alternatively under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("**FIRREA**"), which provides a six-year reach-back, or the Georgia Uniform Fraudulent Transfers Act, specifically the discovery rule[1] provision for actual fraudulent transfers.

7.

Shortly after Trustee initiated the Adversary Proceeding, the Defendants filed *thirteen* motions to dismiss, arguing that FIRREA was not available to Trustee and disputing the facts necessary to establish applicability of the discovery rule, among other things.]

8.

After numerous responses and replies related to the motions to dismiss, Trustee and the Defendants agreed to a mediation before Judge Ellis-Monro. After much negotiation, the parties agreed to settle the dispute with a single payment of $145,000.00 from the Defendants (the "**Settlement**"), which Settlement was approved by the Court on February 20, 2018 [Doc. No. 282].

---

[1] The discovery rule provides that a suit to avoid an actual fraudulent transfer may be commenced "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." *See* O.C.G.A. § 18-2-79(1) (2015).

### *Sale of Real Properties Owned by the LLCs*

9.

After working through several complicated issues regarding possible security or lien interests in the real properties owned by the LLCs,[2] on October 3, 2018, Trustee filed motions to vote the membership interests in the LLCs, liquidate their assets, and wind-up their business affairs [Doc. Nos. 314-315 and 317], and the Court entered orders [Doc. Nos. 329 and 331-332] on November 13, 2018 and November 14, 2018 granting these motions.

10.

Trustee then sold the real properties owned by the LLCs, and netted approximately $230,000.00 that will inure to the benefit of the Bankruptcy Estate. *See* [Doc. Nos. 346-350].

### **Sale of Mercedes Benz**

*11.*

On September 17, 2019, Trustee filed a motion to sell a certain motor vehicle of Debtor at public auction [Doc. No. 364], and on October 15, 2019, the Court entered an order [Doc. No. 369] authorizing the sale of that car, which netted the Bankruptcy Estate a little more than $4,000.00 after payment of the auctioneer's expenses and commission and Debtor's claimed exemption. *See* [Doc. No. 371].

---

[2]    As set out in more detail in the motions to vote and sell [Doc. Nos. 314-315 and 317], Trustee determined that the secured interests had either reverted under O.C.G.A. § 44-14-80 or that the sale proceeds would be sufficient to overcome the asserted security interests.

**Interim Distribution**

12.

One of the LLCs, Woodmond Ventures LLC ("**Woodmond**"), owned and leased rental properties and may be subject to unknown liabilities. The Trustee intends to advertise notice of the wind down of Woodmond through the appropriate local legal publications. This will provide creditors, if any, an opportunity to assert claims against Woodmond prior to Woodmond being dissolved with the Georgia Secretary of State. This longer wind down process takes approximately three years. The Trustee will continue to hold the approximately $38,000 in net proceeds from the sale of the Woodmond properties [Doc. Nos. 347-350] in a separate bank account.

13.

Because of the additional time required to wind down Woodmond and close the bankruptcy case, contemporaneously with the filing of this Application, Trustee has filed a *Motion for Authority to Make Interim Distribution*, which proposes the payment of a 0.76% initial distribution to timely filed, allowed, general unsecured claimants. All claim issues have been resolved, no reserve for payment of estate taxes is required and reserves have been made for fees and expenses associated with the final administration of the bankruptcy case.

14.

The statutory allowance pursuant to 11 U.S.C. §326 based on distributions to date of $313,557.36 plus the proposed distributions of $297,898.28 pending before this Court totaling $611,455.64 is $33,822.78.  The reasonable value of the services rendered by Applicant in these proceedings under Chapter 7 for the Application Period is $33,822.78 as calculated on Exhibit "A."

15.

This Application is filed pursuant to §330 and §331 of the U.S. Bankruptcy Code. Applicant shows that the interim compensation requested by Applicant satisfies the standards and guidelines set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (U.S.C.A. 5th 1974), and In Re First Colonial Corporation, 544 F.2d 1291 (U.S.C.A. 5th 1977), as amplified by Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). Trustee shows that pursuant to 11 U.S.C. §326, Trustee is entitled to $33,822.78 as Trustee commission based on distributions of $611,455.64 of non-exempt funds.

16.

Applicant has incurred actual and necessary costs and expenses properly paid in his own funds, in the amount of $172.78, which are chargeable to the Bankruptcy Estate, none of which have been repaid, and for which the Trustee requests reimbursement.  A list of said expenses is attached hereto as Exhibit "B".

**WHEREFORE**, Trustee respectfully requests this Court to enter an order:

(a)    Allowing Applicant interim compensation in the amount of $33,822.78 rendered by the Trustee;

(b)    Allowing Applicant the sum of $172.78 for the reimbursement of actual and necessary out-of-pocket expenses incurred in this bankruptcy case during the Application Period;

(c)    Authorizing the Trustee to pay Applicant the allowed compensation and expenses, totaling $33,995.56, from Trustee's fiduciary account for this Bankruptcy Case; and

(d)    Granting Applicant such other and further relief as may be just and proper.

Respectfully submitted this 16th day of June 2020.

*/s/ S. Gregory Hays*
_____
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Ste 555
Atlanta, Georgia 30305
(404) 926-0060

# Exhibit "A" Follows

# Trustee Compensation

| | | |
|---|---:|---:|
| **Distributions to Date Other than to Debtor** | | **$313,557.36** |
| | | |
| Proposed Payments Pending Before Court | | |
| Professional Fee Applications | | $251,373.93 |
| Unsecured Claims | | $46,524.35 |
| Total Proposed Distributions | | **$297,898.28** |
| | | |
| **Distributions to Date Plus Proposed Interim Distributions** | | **$611,455.64** |
| | | |
| Pursuant to 11 U.S.C. 326, compensation is computed as follows: | | |
| 25% of First $5,000 | $5,000.00 | $1,250.00 |
| 10% of Next $45,000 | $45,000.00 | $4,500.00 |
| 5% of Next $950,000 | $561,455.64 | $28,072.78 |
| 3% of Balance | $0.00 | $0.00 |
| | | |
| **Total Compensation Requested:** | **$611,455.64** | **$33,822.78** |
| | | |
| Expenses Requested: | | $172.78 |
| | | |
| **Total Requested:** | | **$33,995.56** |

**Exhibit "B" Follows**

# Hays Financial Consulting, LLC

2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

**Brenda Kay Robertson**
Case # 15-53700-wlh

June 4, 2020

|  |  | **Amount** |
|---|---|---:|
| **Expenses** | | |
| 3/31/2015 | TLO research fees for period ended 3/31/15 | 11.00 |
| 4/30/2015 | Postage | 1.19 |
| | GSCCCA reporting fees for period ended 4/30/15 | 9.50 |
| 7/31/2015 | GSCCCA copying cost for period ended 7/31/15 | 10.50 |
| 8/31/2015 | Postage charges - August 2015 | 3.53 |
| 1/4/2019 | 2019 Bond fee | 4.31 |
| 1/9/2020 | 2020 Bond fee | 132.75 |
| | Subtotal | 172.78 |

## CERTIFICATE OF SERVICE

This is to certify that I caused to be served the foregoing *First Application of Trustee for Interim Compensation and Reimbursement of Expenses* by causing a copy of same to be deposited in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

Brenda Kay Robertson
78 Wall Street
Hampton, GA 30228

Beth E. Rogers
Rogers Law Offices
100 Peachtree Street
Suite 1950
Atlanta, GA 30303

Katherine J. Hill
Hicks Hill, LLC
305 Lawrence Street, Ste 210
Marietta, GA 30060

This 16th day of June, 2020.

*/s/ S. Gregory Hays*
S. Gregory Hays
Chapter 7 Trustee